UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:08-cr-00013-RLY-CMM |
| | ) |
| THOMAS PERKINS, | )  -01 |
| | ) |
| Defendant. | ) |

**Order Denying Motion to Reduce Sentence
and Denying Motion for Resentencing**

In August 2008, Mr. Perkins pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base. Dkts. 179, 185. Currently serving a 240-month sentence, he now seeks a reduction pursuant to the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010), and the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). *See* dkts. 595, 605. The United States opposes Mr. Perkins's motions. Dkt. 615. For the reasons set forth below, the court DENIES Mr. Perkins's motions.

**I. Background**

Mr. Perkins seeks a sentence reduction pursuant to § 404(b) of the First Step Act. He argues that he is no longer subject to the 20-year statutory mandatory minimum sentence that applied at the time of his sentencing on the basis of the amount of cocaine base attributed to him. Dkt. 595.[1] In response, the United States contends that Mr. Perkins is ineligible for a reduced sentence

---

[1] Mr. Perkins's motion to reduce sentence, dkt. 595, and motion for resentencing, dkt. 605, are identical. For ease and clarity, the court will cite to only the motion to reduce sentence, dkt. 595.

because the Fair Sentencing Act and the First Step Act did not change the statutory mandatory minimum sentence for offenses involving cocaine hydrochloride. Dkt. 615.

### A. Fair Sentencing Act and First Step Act

Congress passed the Anti-Drug Abuse Act of 1986 in an effort to remedy the nationwide fear of drug abuse—in particular—cocaine base. *See generally United States v. Shull*, 793 F. Supp. 2d 1048, 1050 (S.D. Ohio 2011) (discussing the history of cocaine base sentencing and the Anti-Drug Abuse Act of 1986); *United States v. Watts*, 775 F. Supp. 2d 263, 266–67 (D. Mass 2011) (same). The Anti-Drug Abuse Act created a harsh sentencing disparity between cocaine base and powder cocaine offenses. *Kimbrough v. United States*, 552 U.S. 85, 94–95 (2007); *see also Dorsey v. United States*, 567 U.S. 260, 263 (2012) (noting the act imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount in cocaine base).

That disparity was not addressed until Congress enacted the Fair Sentencing Act in 2010. *Dorsey*, 567 U.S. at 264; *see also United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019) (noting the Fair Sentencing Act was passed to remedy the disproportionately harsh sentences imposed for cocaine base). Among other things, the Fair Sentencing Act increased the amount of cocaine base required to trigger certain mandatory minimums. *United States v. Booker*, No. 07-CR-843-7, 2019 WL 2544247, at *1 (N.D. Ill. June 20, 2019) (citing *Dorsey*, 567 U.S. at 264). Relevant here, when a defendant has a prior felony drug conviction, it increased the amount of cocaine base required to trigger a sentence between the range of twenty years to life in prison from 50 grams to 280 grams. 21 U.S.C. § 841(b)(1)(A)(iii)[2]; *see also Booker*, 2019 WL 2544247 at *1.

---

[2] Section 404 of the First Step Act again amended the sentences set forth in § 841(b). *See* 132 Stat. at 5220-21. Section 841(b)(1)(B)(iii) now provides for a sentencing range of five to 40 years if the offense involved "28 grams or more", but less than 280 grams of cocaine

Signed into law on December 21, 2018, the First Step Act makes retroactive the Fair Sentencing Act's reduction in the disparity between cocaine base and powder cocaine sentences. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 115th Cong. § 404 (2018). Section 404 reads as follows:

> (a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

In other words, the First Step Act permits this court to impose a reduced sentence for certain offenses that were committed before August 3, 2010, in accordance with the Fair Sentencing Act, if no such reduction was previously granted. *Id.* §§ 404(b), (c).

Mr. Perkins hopes to benefit under these statutes because his offense involved cocaine base.

**B. Procedural History**

In May 2008, a grand jury returned an indictment against Mr. Perkins and several other individuals. Dkt. 1. The indictment charged Mr. Perkins with one count of conspiracy to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841. *Id.* It included an allegation that Mr. Perkins had a prior felony conviction for possession of cocaine. *Id.*

---

base, with possible enhancement to 10 years to life with a prior conviction for a "serious drug felony." 21 U.S.C. § 841(b)(eff. Dec. 21, 2018).

On August 5, 2008, Mr. Perkins filed a petition to enter a plea of guilty, a plea agreement, and a stipulated factual basis. Dkts. 178, 179, 180. The factual basis described the conspiracy and stated that Mr. Perkins "delivered at least 94.5 ounces of crack cocaine and 40.5 ounces of powder cocaine" to a co-defendant. Dkt. 180. The plea agreement was a Rule 11(c)(1)(C) binding plea agreement, and the parties agreed to a sentence of 240 months' imprisonment. Dkt. 179.

That same day, the court accepted Mr. Perkins's guilty plea and found him guilty of one count of conspiracy to distribute in excess of five kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base. Dkt. 185. In December 2008, Mr. Perkins was sentenced to 240 months' imprisonment and 10 years of supervised release. Dkts. 303, 309. Judgment was entered on December 31, 2008. Dkt. 309.

At the time of Mr. Perkins's offense, an individual convicted of conspiracy to distribute 50 grams or more of cocaine base or five kilograms or more of cocaine hydrochloride had a minimum sentence of 120 months and a maximum of life. 21 U.S.C. § 841(a)(1) (2006); 21 U.S.C. § 841(b)(1)(A) (2006); 21 U.S.C. § 846 (2006). However, if a person committed the offense after a prior felony drug conviction, and the United States filed an Information under § 851, the mandatory minimum raised to 20 years. 21 U.S.C. § 841(b)(1)(A) (2006). If the person had two or more prior felony drug offenses, the mandatory minimum increased to life. *Id.*

Mr. Perkins sought a sentence reduction under 18 U.S.C. § 3582 in November 2011 and again in June 2013. Dkts. 420, 446. The court denied both of these motions. Dkts. 430, 561.

In April 2020, Mr. Perkins filed a pro se motion seeking a sentence reduction under § 404 of the First Step Act. Dkt. 595. The court appointed counsel, but after appearing, counsel withdrew. Dkts. 596, 597, 599, 600. The court then ordered Mr. Perkins to supplement his pro se motion with any information or argument that might inform the court's discretion to grant or deny his request.

Dkt. 601. Mr. Perkins thereafter filed a motion identical to his motion to reduce sentence. *Compare* dkt. 605 *with* dkt. 595. The United States responded in opposition to both motions, dkt. 615, and Mr. Perkins filed a reply, dkt. 616.

## II. Discussion

Mr. Perkins argues that he qualifies for a sentence reduction under the plain language of § 404 because the sentence he agreed to as part of his Rule 11(c)(1)(C) plea agreement was based on a statutory penalty that was modified by the Fair Sentencing Act. Dkt. 595. The United States argues that Mr. Perkins is not eligible for relief under § 404 because the Fair Sentencing Act did not change the statutory penalty for his offense given that the conspiracy also involved the distribution of five kilograms or more of cocaine hydrochloride.

Section 404(b) of the First Step Act provides that a court "may" reduce the sentence of a defendant convicted of a "covered offense." *See United States v. Bethany*, 975 F.3d 642, 650 (7th Cir. 2020). "A 'covered offense' is defined as an offense (1) committed before the enactment of the Fair Sentencing Act on August 3, 2010, and (2) involving a quantity of drugs that no longer triggers enhanced penalties." *Bethany*, 975 F.3d at 650 (quoting § 404(a) of the First Step Act). Mr. Perkins committed his offense before enactment of the Fair Sentencing Act. Therefore, the court will focus on the second requirement.

Although the inquiry on the second requirement is "somewhat complicated," the Seventh Circuit has stated that "whether an offense is covered simply depends on the statute under which a defendant was convicted." *Bethany*, 975 F.3d at 650 (quoting *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020)). "[T]he statute of conviction alone determines eligibility for First Step Act relief." *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020).

The court concludes that Mr. Perkins is eligible for relief under the First Step Act because his statute of conviction—21 U.S.C. § 841—contains penalties that were modified by the Fair Sentencing Act. Mr. Perkins pleaded guilty to a count which charged him with conspiracy to distribute 50 grams or more of cocaine base and five kilograms of power cocaine. *See* dkt. 179. Thus, he is eligible for relief under the plain language of the First Step Act because the statutory penalty for conspiracy to distribute 50 grams or more of cocaine base was modified by § 2 of the Fair Sentencing Act.³

Having found Mr. Perkins eligible for relief under the First Step Act, the court now considers what relief, if any, is available. It is this portion of the analysis where Mr. Perkins's plea to a conspiracy involving cocaine hydrochloride becomes determinative. Given Mr. Perkins's conviction for an offense involving five kilograms or more of cocaine hydrochloride and the § 851 Information regarding a prior felony drug conviction, the court has no discretion to reduce Mr. Perkins's sentence below the statutory mandatory minimum for such an offense.

Under § 404 of the First Step Act, the court may impose a reduced sentence as if the Fair Sentencing Act had applied at the time of Perkins's original sentencing. Mr. Perkins is correct that, under the Fair Sentencing Act, he is not subject to a mandatory minimum sentence of 240 months for the portion of his conviction involving cocaine base. But, it is undisputed that Mr. Perkins's offense of conviction also involved five kilograms or more of cocaine hydrochloride.⁴ The Fair

---

³ Although Mr. Perkins's conspiracy charge also involved an amount of powder cocaine, the Seventh Circuit stated in *Shaw*, 957 F.3d at 739, that it is the statute of conviction—not the individual violation—that determines eligibility for relief under the First Step Act.

⁴ The court notes that the factual basis for Mr. Perkins's plea establishes that his offense involved only 40.5 ounces of cocaine hydrochloride. Although that amount is less than five kilograms, Mr. Perkins does not dispute that portion of his conviction in this motion. Section 404 limits the court to reducing a sentence by applying the Fair Sentencing Act as if it had been in place at the time of original sentencing. Thus, under § 404, the court must be guided by Mr. Perkins's conviction, which was for five kilograms or more of cocaine hydrochloride.

Sentencing Act did not change the mandatory minimum sentence for that offense. Instead, after the Fair Sentencing Act, the mandatory minimum sentence for that offense remained 240 months where, as here, the United States filed a § 851 Information establishing a prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A)(ii) (eff. Aug. 3, 2010, to Dec. 20, 2018). Therefore, although Mr. Perkins is eligible for relief under the First Step Act, no change in his overall sentence is possible under § 404 of the First Step Act.

Mr. Perkins also implicitly seems to argue that he should get the benefit of § 401 of the First Step Act. *See* dkt. 595 at 4 ("No longer is Defendant exposed to the 20 year minimum, but instead with the 15 year minimum for a violation of 21 U.S.C. § 841(a)(1)."). Section 401 of the First Step Act changed the mandatory minimum sentence for defendants convicted of distributing five kilograms or more of cocaine hydrochloride. 132 Stat. at 5220-21. Under § 841(b)(1)(A)(ii) as amended by § 401 of the First Step Act, the mandatory minimum sentence for such a conviction is 10 years. 21 U.S.C. § 841(b)(1)(A)(ii) (eff. Dec. 21, 2018). If the United States files an information under § 851 showing a prior conviction of a "serious drug felony or serious violent felony," the mandatory minimum sentence increases to 15 years. *Id.* Section 401 of the First Step Act is not, however, retroactive. *See* 132 Stat. at 5221 ("This section, and the amendments made by this section, shall not apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."); *United States v. Jackson*, 940 F.3d 347, 353-54 (7th Cir. 2019). Thus, Mr. Perkins is not eligible to have his sentence reduced to 15 years.[5]

---

[5] Even construing Mr. Perkins's motion liberally, the court does not understand Mr. Perkins to be arguing that the change to § 841 is an extraordinary and compelling reason warranting a sentence reduction for purposes of 18 U.S.C. § 3582(c)(1)(A)(i). Even if he did make such an argument, his motion would be denied. There is no evidence that he has exhausted administrative remedies as required by § 3582(c)(1)(A).

### III. Conclusion

For the foregoing reasons, Mr. Perkins's motion to reduce sentence, dkt. [595], and motion for resentencing, dkt. [605], are **denied**.

**IT IS SO ORDERED.**

Date: 11/06/2020

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas Perkins, #08677-028
FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507

All Electronically Registered Counsel